IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANIE L. KINSEY and C.H. KINSEY,       )
                                        )
              Plaintiff,                )
                                        )
       v.                               )        CIVIL ACTION NO. 1:10CV986-MHT
                                        )
UNITED STATES DISTRICT COURT            )
FOR THE MIDDLE DISTRICT OF              )
ALABAMA,                                )
                                        )
              Defendant.                )

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs Janie L. Kinsey and C.H. Kinsey have filed a motion to proceed *in forma pauperis* in this action (Doc. # 5).  It is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

Plaintiffs, proceeding *pro se*, bring claims against the United States District Court for the Middle District of Alabama, alleging that the court has violated their federal constitutional rights.[2]  Plaintiffs assert that: (1) United States District Judge Keith Watkins

---

[1]  The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

[2]  Plaintiff has not named any individual as a defendant in this case but, obviously, has sued the court which is comprised of all of the District and Magistrate Judges of the Middle District of Alabama.  The circumstances of this case do not require recusal by the presiding and referral judges assigned to this case, due to the "rule of necessity" exception to the general rule requiring recusal where a conflict of interest may exist.  See Coggins v. Town of Jackson's Gap, 2008 WL 2074429,

discriminated against them on the basis of their race in violation of their equal protection rights on October 5, 2010, when he failed to give them their quota, share or proportion of a sum of money they allege is due to them in a civil action; and (2) the court denied them their First Amendment petition and assembly rights when, on September 13, 2010, the plaintiffs appeared at the Clerk's office asking to speak with Judge Watkins and someone in the court had the United States Marshal escort plaintiffs out of the courthouse.[3]  Plaintiffs seek a judgment awarding them millions of dollars in monetary damages.

The sovereign immunity of the United States shields federal agencies from suit, unless the United States has waived its immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)).  "Sovereign immunity is jurisdictional in nature."  Id.  Because of the sovereign immunity of the United States, the court lacks jurisdiction to entertain plaintiffs' claims against the court. See Horne v. Social Security Administration, 2010 WL 9441, *5 (11th Cir. Jan. 4, 2010)(finding no error in the district court's dismissal, pursuant to §1915(e)(2)(B), of Bivens-type claims against federal agencies due to sovereign immunity); see also Coggins v. U.S. Dist. Court Eastern Div., 2009 WL 1181953, *3 (M.D. Ala. Apr. 30, 2009)(claims against court for constitutional violations barred by sovereign immunity and, thus, were "frivolous and based on an indisputably meritless legal theory"); Coggins v. U.S. Dist. Court

_____

2 (M.D. Ala. May 14, 2008).

[3]  See Kinsey v. Gould, et al., Civil Action No. 2:05cv636-WKW, Doc. ## 66, 67, 70.

Middle Dist. of Ala., 2008 WL 1929904, *5 (M.D. Ala. Apr. 28, 2008)(same). [4, 5]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiffs' claims be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, because this court lacks subject matter jurisdiction over plaintiffs' claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 29, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[4] In the Federal Tort Claims Act, Congress waived the United States' sovereign immunity as to certain claims for money damages. However, the FTCA's waiver does not extend to federal constitutional violations. See Meyer, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

[5] Plaintiffs do not name Judge Watkins as a defendant. While it is obliged to construe the *pro se* complaint broadly, the court declines to construe it to include claims against Judge Watkins or any unnamed court employee involved in the events alleged in the complaint because any such claims would be barred by absolute judicial immunity or quasi-judicial immunity. See Coggins cases, *supra*.

error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144,

1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 15th day of December, 2010.

<u>/s/ Susan Russ Walker</u>
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE